cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION TO ENFORCE ADMINISTRATIVE SUBPOENAS OF<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Petitioner,<br>v.<br><br>MICHAEL NICITA and EDWARD LEONARD,<br><br>                    Respondents. | Civil No.07CV0772 WQH (AJB)<br><br>Order Following Hearing to Show Cause Hearing Staying Motion to Enforce Administrative Subpoenas and Denying Motion to Quash Subpoenas<br>[Doc. Nos. 1 and 6] |

Petitioner, the Securities and Exchange Commission ("SEC") filed an ex parte application for an order to show cause and for an order compelling Respondents Michael Nicita and Edward Leonard to comply with administrative subpoenas which were issued on November 7, 2006 and January 29, 2007, respectively. Respondents' filed an Opposition and Joint Motion to Quash these administrative subpoenas. A Hearing to Show Cause was set by Judge Hayes and then referred to Judge Battaglia. A hearing on the matter was held by Judge Battaglia on June 8, 2007 at 11:00 a.m. Appearing on behalf of the SEC were Molly White and Ronnie Lasky. Appearing on behalf of Respondent Nicita were Charles

La Bella and John Kirby and Christian Humphreys appeared on behalf on Respondent Leonard. Based upon the parties moving papers, the arguments of counsel and for the reasons set forth below, Petitioner's Motion to Compel Respondents' Compliance with the Administrative Subpoenas is GRANTED as to the requests for documents and STAYED as to the requests for testimony and Respondents' Joint Motion to Quash the Administrative Subpoenas is DENIED.

## *Background*

On September 23, 2003, the Securities and Exchange Commission (SEC) issued a formal order of private investigation entitled In the Matter of Advanced Marketing Services, Inc. (AMS) to determine whether AMS, Mr. Nicita, Mr. Leonard, or any other persons or entities engaged in the offer and sale of securities to investors in violation of the anti-fraud provisions of the federal securities laws.[1] AMS, through its various attorneys,[2] produced approximately six million pages of responsive documents in electronic format in a database to both the U.S. Attorney and the SEC.

The SEC also served administrative subpoenas on Respondents Mr. Nicita and Mr. Leonard on November 7, 2006 and January 29, 2007, respectively, seeking responsive documents and testimony. Respondents were permitted access to the database of documents produced by AMS to the U.S. Attorney and the SEC in December of 2006. Respondents notified the SEC on January 22, 2007, that some of the documents produced by AMS to both the U.S. Attorney and the SEC contained privileged material. Neither Respondent has produced documents or provided testimony to date in response to the administrative subpoenas, because each claims that AMS wrongfully produced privileged documents to the U.S. Attorney and SEC. Respondents' counsels' insist that they cannot permit their respective clients to respond to the SEC's administrative subpoenas until the allegedly privileged documents are returned or destroyed and the taint upon the SEC's investigation created by their receipt of this allegedly privileged information can be evaluated.

## *Discussion*

---

[1] The SEC is investigating AMS, Nicita and Leonard for violations of Section 17(a) of the Securities Act of 1933 and Section 10(b), 13(a), 13(b)(2)(A), 13(b)(2)(B), and 13 (b)(5) of the Securities Exchange Act of 1934, and Rules 10b-5, 12b-20, 13a-1, 13a-13, 13a-14, 13b2-1, and 12b2-2 thereunder.

[2] During the period of production of documents by AMS, AMS was represented by two law firms, Hughes, Hubbard & Reed (HH&R) and then later O'Melveny & Meyers (OMM). OMM has since been replaced by current counsel Gibson & Dunn.

The following issues were raised during the hearing: 1) how to best handle the Respondents' claims of privilege regarding the documents produced by AMS; 2) the SEC's request that the Court enforce the administrative subpoenas; and 3) Respondents Joint Motion to Quash the administrative subpoenas.

### *1. Respondents' Claims of Privilege Regarding Documents Produced by AMS*

From the information provided by the parties to the Court, it appears that AMS inadvertently produced privileged documents to both the U.S. Attorney and the SEC in response to the SEC's administrative subpoenas. Respondents were permitted access to the database of documents produced by AMS to review such documents for privilege in December of 2006. Respondents have concluded their review of the database of documents and provided the SEC with a list of documents that they believe to be privileged, however, Respondents' reference numbers for these documents do not correspond to the bates numbers on the database of documents provided to the SEC and U.S. Attorney because AMS utilized a program that bates stamped the documents as they were exported from the database to compact discs produced to the government. As such, the parties have reached an impasse as to how to reconcile the reference numbers Respondents' have provided in their list of privileged documents with the actual bates numbers stamped on the documents produced to the government.

After careful consideration of the parties suggestions and concerns, the Court hereby ORDERS:

Petitioner will segregate all documents produced by AMS until Respondents claims of privilege can be evaluated by the Court;

Respondents will produce a privilege log categorizing each document to which a claim of privilege is made by date, who the document was to and from, and provide a statement specifically identifying why Respondent's believe the document to be privileged. Respondents shall provide this privilege log to Petitioner *on or before June 22, 2007*;

Petitioner shall have until *July 3, 2007* to review Respondents' privilege log and provide a response either conceding or objecting to each claim of privilege made by Respondents;

A telephonic hearing is set for July 10, 2007 at 9:00 a.m. before Judge Battaglia to discuss resolution of any claims of privilege that remain at issue between the parties, and Respondents shall initiate the conference call.

### 2. *The SEC's Request that the Court Order Compliance with the SEC's Administrative Subpoenas*

During the hearing and in their moving papers, the SEC requested that the Court require Respondents to comply with the outstanding administrative subpoenas. Respondents' objected to the SEC's request and insist that they cannot permit their respective clients to respond to the SEC's administrative subpoenas until the allegedly privileged documents are returned or destroyed and the taint upon the SEC's investigation created by their receipt of these allegedly privileged documents can be fully evaluated by the Court. While the Court is aware of the standards for enforcement of administrative subpoenas,[3] the Court finds arguable merit in Respondents' concerns. As such, the Court ORDERS the SEC's administrative subpoenas seeking documents and testimony from the Respondents STAYED until the Respondents' claims of privilege and allegations of taint on the SEC's investigation regarding the database of documents produced by AMS can be evaluated and resolved by the Court.

///

///

### 3. *Respondents' Motion to Quash the SEC's Administrative Subpoenas*

The SEC is entitled to considerable latitude in conducting its investigations. However, if a subpoena is not issued in good faith, but to harass or pressure the subject of an investigation, or for any other improper purpose, then the court would be bound not to enforce the subpoena as issued. *United States v. Powell*, 379 U.S. 48, 58 (1964). Likewise, if it could be demonstrated that compliance with an

---

[3] The Supreme Court set forth the standard for judicial enforcement of administrative subpoenas in *United States v. Morton Salt Co.*, 338 U.S. 632 (1950). The Court stated that an agency's investigation is lawful if "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *Id.* at 652; *see also United States v. Stuart*, 489 U.S. 353, 360 (1989).
    The Ninth Circuit has stated that "[t]he scope of our inquiry in an agency subpoena is narrow." *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir.1996); *see also EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir.1983) (en banc). Generally, a court must ask "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Children's Hosp.*, 719 F.2d at 1428. An affidavit from a government official is sufficient to establish a prima facie showing that these requirements have been met. *See Stuart*, 489 U.S. at 360. Finally, "[i]f the agency establishes these factors, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." *Children's Hosp.*, 719 F.2d at 1428.

agency subpoena would be unnecessarily burdensome, some limitation of the materials required would be warranted. *Id.*

However, the burden of showing that an agency subpoena is unreasonable remains with the respondent, and where, as here, the agency inquiry is authorized by law and the materials sought are relevant to the inquiry, that burden is not easily met. *See United States v. Powell*, 379 U.S. at 58; *United States v. Donaldson*, 400 U.S. 517, 527 (1971); *cf. Adams v. F. T. C.*, 296 F.2d 861 (8th Cir. 1961), *cert. denied*, 369 U.S. 864(1962). The Respondents do not appear to contest the validity of the administrative subpoenas issued by the SEC.[4] Respondents only argue that the subpoenas should be quashed because AMS inadvertently produced privileged documents to the SEC. Respondents contend that the SEC's possession of these documents has hopelessly tainted the government's investigation. However, during the hearing, the Petitioner asserted that none of the documents in dispute have been used in the investigation to date, and Respondents have offered no proof to contradict this assertion. Thus the mere suggestion by Respondents of the possibility of taint upon the SEC's investigation as a result of their inadvertent receipt of privileged documents from AMS, is not sufficient to block an authorized inquiry into relevant matters. *See e.g., Newmark & Co. v. Wirtz*, 330 F.2d 576, 578 (2d Cir. 1964). As such, Respondents' Joint Motion to Quash the SEC's administrative subpoenas is DENIED WITHOUT PREJUDICE.

### *Conclusion*

For the reasons set forth above, Petitioner's Motion to Compel Respondents' Compliance with the Administrative Subpoenas is GRANTED as to the requests for documents and STAYED as to the requests for testimony. Respondents shall produce to Petitioner ***on or before June 22, 2007***: 1) a privilege log for the database of documents produced by AMS, categorizing each document to which a claim of privilege is made by date, who the document was to and from, and provide a statement

---

[4] "For purposes of an administrative subpoena, the notion of relevancy is a broad one. An agency 'can investigate merely on the suspicion that the law is being violated, or even just because it wants assurance that it is not.' So long as the material " 'touches a matter under investigation,' " an administrative subpoena will survive a challenge that the material is not relevant." (citations omitted). *Collins v. Commodity Futures Trading Com'n.*, 737 F. Supp. 1467, 1479 (N.D.Ill.,1990) (quoting *Sandsend Financial Consultants, Ltd. v. Federal Home Bank Bd.*, 878 F.2d 875, 882 (5th Cir.1989)).

specifically identifying why Respondent's believe the document to be privileged. Petitioner shall have until *July 3, 2007* to review both of Respondents' privilege logs and provide a response either conceding or objecting to each claim of privilege made by Respondents

All contested claims of privilege will be addressed by the Court at the telephonic hearing set for July 10, 2007, at 9:00 a.m. and further proceedings set as needed.

Respondents' Joint Motion to Quash the Administrative Subpoenas is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED:  June 13, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court