cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION TO ENFORCE ADMINISTRATIVE SUBPOENAS OF<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Petitioner,<br>v.<br>MICHAEL NICITA and EDWARD LEONARD,<br>                    Respondents. | Civil No.07CV0772 WQH (AJB)<br><br>Order Granting In Part and Denying In Part Ex Parte Application for Order Sealing Documents |

Attorney's for Respondent, Michael Nicita, submitted directly to chambers, an ex parte application under Local Civil Rule 79.2.b to file under seal: 1) Declaration of Charles G. La Bella In Support of Ex Parte Application to File Papers Under Seal; 2) Proposed Order Re: Ex Parte Application for Order Extending Time for Hearing; 3) Proposed Order Re: Ex Parte Application for Order Sealing Documents and Supporting Declaration; 4) Ex Parte Application for Order Sealing Documents and Supporting Declaration; 5) Proof of Service for Respondent Edward Leonard; 6) Proof of Service of Petitioner Securities and Exchange Commission; and 7) Exhibit A.

There is a presumptive right of public access to court records based upon common law and first amendment grounds.[1] Even where a public right of access exists, such access may denied by the court in order to protect sensitive personal or confidential information.[2] The court may seal documents to protect sensitive information, however, the documents to be filed under seal will be limited by the Court to only those documents, or portions thereof, necessary to protect such sensitive information.

Upon review of the seven (7) documents submitted by the Respondent Michael Nicita, the Court finds good cause to seal only Exhibit A of the documents submitted, because Exhibit A contains confidential medical information.  The remaining six (6) documents make little in any reference to the confidential medical information set for in Exhibit A, except to state that it was submitted.  Respondent has failed to demonstrate how disclosure of the remaining documents would in any way injure Mr. Nicita and therefore lack the good cause necessary to override the presumptive right of public access to court records.

For the reasons set forth above, Respondent Nicita's ex parte application to file the above-referenced documents under seal is GRANTED IN PART as to Exhibit A and DENIED IN PART as to the remaining six documents. Respondent Nicita shall immediately file the remaining six documents electronically: 1) Declaration of Charles G. La Bella In Support of Ex Parte Application to File Papers Under Seal; 2) Proposed Order Re: Ex Parte Application for Order Extending Time for Hearing; 3) Proposed Order Re: Ex Parte Application for Order Sealing Documents and Supporting Declaration; 4) Ex Parte Application for Order Sealing Documents and Supporting Declaration; 5) Proof of Service for Respondent Edward Leonard; 6) Proof of Service of Petitioner Securities and Exchange Commission.

---

[1] See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597 (1978); Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 603 (1982); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002).

[2] Although courts may be more likely to order the protection of the information listed in Rule 26(c)(7) of the Federal Rules of Civil Procedure, courts have consistently prevented disclosure of many types of information, such as letters protected under attorney-client privilege which revealed the weaknesses in a party's position and was inadvertently sent to the opposing side, *see KL Group v. Case, Kay, and Lynch*, 829 F.2d 909, 917-19 (9th Cir.1987); medical and psychiatric records confidential under state law, *see Pearson v. Miller*, 211 F.3d 57, 62-64 (3d Cir.2000); and federal and grand jury secrecy provisions, *see Krause v. Rhodes*, 671 F.2d 212, 216 (6th Cir.1982). Most significantly, courts have granted protective orders to protect confidential settlement agreements. *See Hasbrouck v. BankAmerica Housing Serv.*, 187 F.R.D. 453, 455 (N.D.N.Y.1999); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365-67 (D.Nev.1993).

...

The Court will rule on Respondent Nicita's Ex Parte Application for Order Extending Time for Hearing set for December 28, 2007 after Petitioner has had an opportunity to respond.

IT IS SO ORDERED.

DATED: December 11, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court