cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION TO ENFORCE ADMINISTRATIVE SUBPOENAS OF <br><br>SECURITIES AND EXCHANGE COMMISSION, <br><br>Petitioner, <br><br>v. <br><br>MICHAEL NICITA and EDWARD LEONARD, <br><br>Respondents. | Civil No.07CV0772 WQH (AJB) <br><br>Order Denying Ex Parte Application for Order Extending Time for Hearing [Doc. No. 20] |

    Respondents' filed an ex parte application requesting an extension of time for the hearing set for January 11, 2008 and the December 28, 2007 deadline for producing a revised privilege log and sworn affidavits. Respondents' seek to continue the January 11, 2008 hearing until March 4, 2008 or later on the grounds that Respondent Nicita has a medical condition that will make him unavailable for any type of work for approximately nine weeks beginning December 18, 2007.

    The Petitioner argues, that while they are not unsympathetic to Mr. Nicita's medical condition, his treatment does not begin until nearly four weeks after the Court issued the November 21, 2007 Order setting the above deadlines and hearing date. As such, the Petitioner contends that the Respondent has

ample time during the interim four weeks to assist his counsel in preparation for the hearing. The Court agrees. Additionally, Mr. Nicita may exercise the option provided by the Petitioner's of submitting an affidavit in lieu of appearing at the January 11, 2007 hearing or may appear at said hearing telephonically.

The Petitioner also challenges Mr. Nicita's request for additional time to file affidavits establishing the existence of a joint defense agreement ("JDA") arguing that there is little if any need for Mr. Nicita's involvement in such efforts since it was Respondents' respective counsel who were involved in negotiating the JDA. The Petitioner argues that obtaining the affidavits should be as simple as having Respondents' counsel send draft affidavits to those parties alleged to have participated in the JDA. The Court agrees, finding considerable merit to Petitioner's arguments, particularly in light of the fact that Mr. Leonard has provided no reason for his apparent need for additional time.

Furthermore, since the Court finds Petitioner's request for equitable tolling inappropriate, Respondents' requested extension would impose considerable prejudice upon Petitioner's ability to bring an action against Respondents for enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise, with in the statute of limitations period set forth in 28 U.S.C. § 2462. As such, and for the reasons set forth above, Respondents' ex parte application for an extension of time is hereby **DENIED** and the deadlines and hearing date shall remain as set by this Court's November 21, 2007 Order.

IT IS SO ORDERED.

DATED:  December 20, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court